# EXHIBIT "B"

Case 2:20-cv-09513-DMG-AFM   Document 3   Filed 10/16/20   Page 2 of 7   Page ID #:32
Electronically Filed by Superior Court of California, County of Los Angeles on 09/15/2020 08:02 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV35099

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

**ROMANO STANCROFF PC**
Mark Romano, Esq. (SBN 244113)
Timothy Whelan, Esq. (SBN 255037)
Aliaksandra Valitskaya, Esq. (SBN 320680)
360 N. Pacific Coast Hwy., Suite 1010
El Segundo, CA  90245
Telephone: (310) 477-7990
Fax: (310) 477-7995
mark@thelemonlawattorneys.com

Attorneys for Plaintiffs,
PAUL and BEVERLY JOHNSON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **PAUL JOHNSON and BEVERLY JOHNSON,**<br><br>                    Plaintiffs,<br><br>        vs.<br><br>**FCA US LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,**<br><br>                    Defendants. | Case No.:   20STCV35099<br><br>**COMPLAINT**<br><br>1.  **SONG-BEVERLY ACT**<br>2.  **MAGNUSON-MOSS ACT**<br><br>*Assigned for All Purposes to the Honorable*<br>Department |

Plaintiffs, PAUL JOHNSON and BEVERLY JOHNSON, allege as follows against Defendants, FCA US LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

### GENERAL ALLEGATIONS

1.    Plaintiff is an individual residing in the State of California.

1    2.    Defendant FCA US LLC is and was a Delaware limited liability company registered to

2    do business in the State of California with its registered office in the City of Los Angeles,

3    County of Los Angeles, State of California.

4    3.    Plaintiffs do not know the true names and capacities, whether corporate, partnership,

5    associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive,

6    under the provisions of section 474 of the California Code of Civil Procedure. Defendants Does

7    1 through 10, inclusive, are in some manner responsible for the acts, occurrences and

8    transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to

9    amend this Complaint to set forth the true names and capacities of the fictitiously named

10    Defendants together with appropriate charging allegations when ascertained.

11    4.    All acts of corporate employees as alleged were authorized or ratified by an officer,

12    director or managing agent of the corporate employer.

13    5.    Each Defendant whether actually or fictitiously named herein, was the principal, agent

14    (actual or ostensible) or employee of each other Defendant and in acting as such principal or

15    within the course and scope of such employment or agency, took some part in the acts and

16    omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the

17    relief prayed for herein.

18    6.    On December 24, 2018, Plaintiffs purchased a new 2018 Jeep Renegade, VIN:

19    ZACCJBCB2JPH77651, ("the vehicle").

20    7.    Express warranties accompanied the sale of the vehicle to Plaintiffs by which FCA US

21    LLC undertook to preserve or maintain the utility or performance of Plaintiffs' vehicle or provide

22    compensation if there was a failure in such utility or performance.

23    8.    The vehicle was delivered to Plaintiffs with serious defects and nonconformities to

24    warranty and developed other serious defects and nonconformities to warranty including, but not

25    limited to, various transmission, steering/suspension, HVAC, and electrical defects.

26

27

28

1

## JURISDICTION AND VENUE

2   9.   Venue is proper in this judicial district and the County of Los Angeles because FCA US

3   LLC does business in the State of California, and has not designated with the California

4   Secretary of State a principal place of business within the State of California pursuant to

5   Corporations Code §2105(a)(3).   Accordingly, Defendant FCA US LLC may be sued in any

6   county in the state of California, including Los Angeles County.

7   10.   This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of

8   California, and Defendant, FCA US LLC is qualified and licensed to do business in California.

9   ## FIRST CAUSE OF ACTION

10   (Violation of the Song-Beverly Consumer Warranty Act)

11   11.   Plaintiff incorporates herein by reference each and every allegation contained in the

12   preceding and succeeding paragraphs as though herein fully restated and realleged.

13   12.   Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

14   Code section 1790 *et seq.*, the vehicle constitutes "consumer goods" or a "new motor vehicle"

15   and Plaintiffs have used the vehicle primarily for those purposes.

16   13.   Plaintiffs are "buyers" of consumer goods under the Act.

17   14.   Defendant FCA US LLC is a "manufacturer" and/or "distributor" under the Act.

18   15.   The sale of the vehicle to Plaintiffs was accompanied by an implied warranty that the

19   vehicle was merchantable. The sale of the vehicle to Plaintiffs was also accompanied by

20   Defendants' implied warranty of fitness.

21   16.   The foregoing defects and nonconformities to warranty manifested themselves within

22   the applicable express warranty period. The nonconformities substantially impair the use, value

23   and/or safety of the vehicle.

24   17.   Plaintiffs delivered the vehicle to FCA US LLC authorized repair facilities for repair of

25   the nonconformities on numerous occasions.

26   18.   Defendants were unable to conform Plaintiffs' vehicle to the applicable express and

27   implied warranties after a reasonable number of attempts.

28

-3-

Complaint

19. The defects and nonconformities rendered the vehicle unmerchantable.

20. Notwithstanding Plaintiffs entitlement, Defendant manufacturer has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

21. By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Act.

22. Plaintiffs are entitled to justifiably revoke acceptance of the vehicle under the Act.

23. Under the Act, Plaintiffs are entitled to reimbursement of the purchase price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to discovery of the nonconformities.

24. Plaintiffs are entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under the Act.

25. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

26. In addition to actual damages, Plaintiffs are entitled to a civil penalty of up to two times the amount of actual damages, because Defendant does not maintain a qualified third-party dispute resolution process that substantially complies with Cal. Civ. Code § 1793.22 and failed to make restitution or replace the vehicle promptly and because Defendant willfully failed to comply with its obligations under the Act.

## SECOND CAUSE OF ACTION

(Violation of the Federal Magnuson-Moss Warranty Act - Against All Defendants)

27. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

28. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

1    29.  Defendant, FCA US LLC is a "supplier" and "warrantor" as defined in the Mag-Moss

2    Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

3    30.  The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. §

4    2301(1).

5    31.  In addition to the express warranty, in connection with the sale of the vehicle to

6    Plaintiffs, an implied warranty of merchantability was created under California law.  The

7    vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the

8    vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

9    32.  Defendants violated the Mag-Moss Act when they breached the express warranty and

10   implied warranties by failing to repair the defects and nonconformities, or to replace or

11   repurchase the vehicle.

12   33.  Plaintiffs performed all terms, conditions, covenants, promises and obligations required

13   to be performed on Plaintiffs' part under the terms of the sales agreement, and express warranty

14   and implied warranty except for those terms and conditions, covenants, promises and obligations

15   or payments for which performance and/or compliance has been excused by the acts and/or

16   conduct of the Defendants and/or by operation of law.

17   34.  As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs

18   have been damaged in the form of general, special and actual damages in an amount within the

19   jurisdiction of this Court, according to proof at trial.

20   35.  Under the Act, Plaintiffs are entitled to rescission of the contract, reimbursement of the

21   purchase price paid for the vehicle.

22   36.  Plaintiffs are entitled to all incidental, consequential and general damages resulting

23   from Defendants' failure to comply with their obligations under the Mag-Moss Act.

24   37.  Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum

25   equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

26   incurred in connection with the commencement and prosecution of this action pursuant to 15

27   U.S.C. § 2310(d)(2).

28

1

2  WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

3     1.  For general, special and actual damages according to proof at trial;

4     2.  For rescission of the purchase contract and restitution of all monies expended;

5     3.  For diminution in value;

6     4.  For incidental and consequential damages according to proof at trial;

7     5.  For civil penalty in the amount of two times Plaintiffs' actual damages;

8     6.  For prejudgment interest at the legal rate;

9     7.  For reasonable attorney's fees and costs of suit; and

10    8.  For such other and further relief as the Court deems just and proper under the

11       circumstances.

12

13                       ROMANO STANCROFF PC

14

15                       Mark Romano, Esq. (SBN 244113)

16                       Timothy Whelan, Esq. (SBN 255037)

                         Aliaksandra Valitskaya, Esq. (SBN 320680)

17                       Attorneys for Plaintiffs

18                       PAUL and BEVERLY JOHNSON

19       Dated: 9/14/2020

20

21

22

23

24

25

26

27

28

Complaint